MARTÍNEZ, PETITIONER, *v.* CROSAS, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Aguadilla in a Prosecution for Attempted False Representation.

No. 280.—Decided April 27, 1920.

INDICTMENT—GRAND JURY.—A person charged with a felony, although committed prior to the promulgation of Act No. 58 of June 18, 1919, has a right to demand that the indictment be found by a grand jury.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

*Mr. J. E. Figueras, Fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

On the day of the arraignment against him the defendant presented a demurrer alleging that the information was deficient for various reasons and as a final ground alleged that the said information, viewed from any standpoint, was insufficient, inasmuch as it was not presented by a grand jury in accordance with Law No. 58 of June 18, 1919, Laws of that year, page 302, providing that all felonies shall be prosecuted by indictment of the grand jury. The court overruled the demurrer and the defendant has applied for a writ of certiorari.

At the hearing the *fiscal* of this court appeared and conceded that although the facts alleged in the information took place before the passage of Law No. 58, yet as the right to a presentment by a grand jury was a matter of procedure, the law must be given a retroactive effect so as to apply to any crime committed before its passage. Retrospective laws are those which contemplate or affect an act done or a right accrued before their passage, and they are generally only beyond the power of a Legislature where they would deprive a person of a substantial right. 12 C. J. 1083 *et seq.* Where a law affects the procedure merely and does not deprive the accused of any substantial right and cannot be considered *ex post facto*, as that term is used, such a law may have a retrospective effect. *People* v. *Campbell*, 59 Cal. 243, 43 A. R. 257; *Chandler* v. *McDonald*, 29 L. R. A. 834; 8 Cyc. 1029; 12 C. J. 1103.

This is true, *a fortiori*, where the rights of the accused are extended as under Law No. 58, *supra*, and he insists in the benefit of the said law.

The information in this case must be annulled.

*Information quashed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.